IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSEPH HERCULES NORTON, PRO SE, also known as JOSEPH H. NORTON, TDCJ-CID No. 676182, § § § § Plaintiff, § § v. § § Judge RON ENNS; KENT BIRDSONG, § Special Prosecutor; and § JOE MARR WILSON, Attorney, § § Defendants. § | 2:14-CV-0040 |

## REPORT AND RECOMMENDATION

Plaintiff JOSEPH HERCULES NORTON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff states he was convicted on December 15, 2002 in the 69th Judicial District Court, Sherman County, Texas.  On January 31, 2005, a court-appointed attorney filed a motion for post-conviction DNA testing.  Plaintiff says the motion was granted on February 11, 2005, but the motion was vacated on October 25, 2006.  It was refiled on April 11, 2007, and a special prosecutor was assigned for the motion.

Plaintiff states his court-appointed counsel met with the special prosecutor and "procedures were finalized."  Plaintiff says his court-appointed counsel withdrew on January 10, 2008 and a new attorney was appointed on March 2, 2012.  Plaintiff alleges he has received one letter from his newly appointed counsel, on September 26, 2012, agreeing the DNA process has

dragged on too long. Plaintiff says his many attempts to contact the attorney again have received no response. Plaintiff says it appears that in the subsequent time, his attorney has failed to communicate with the Special Prosecutor.

Plaintiff states he wishes this court "to order the 69th Judicial District Court to bring this matter to fruition and notify plaintiff of its finding."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer.

## THE LAW AND ANALYSIS

Upon receipt of plaintiff's suit the Court issued a Briefing Order asking plaintiff whether

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

he was requesting the Court to order the state court to provide DNA testing of unspecified items. On April 7, 2014, plaintiff responded by identifying the items he wished produced and, on June 30, 2014, he informed the Court he wanted the items made available to the Jeffrey Deskovic Foundation for Justice in New York.

The Court has searched carefully to see if there exists a basis on which it may act in this case and concludes there is none.

There is no substantive due process or free-standing right to DNA evidence. *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. `52, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009).

For this Court to find a constitutional violation entitling plaintiff to relief there would have to be a determination that the Texas procedures were inadequate to protect plaintiff's rights to seek post-conviction DNA testing. *See Skinner*, 131 S.Ct. at 1293; *Osborne*, 557 U.S. at 68, 129 S.Ct. at 2319. When Texas created the statutory right to seek post-conviction DNA testing, the Texas legislature also created the process by which a prisoner could file and obtain review of his DNA request. Much like the Alaska law the Supreme Court approved in *Osborne*, 557 U.S. at 70, 129 S.Ct. at 2320, the Texas statute details the procedure by which a state court is to manage a post-conviction motion for DNA testing.

Chapter 64 of the Texas Code of Criminal Procedure provides as follows:

>(a) A convicting court may order forensic DNA testing under this chapter only if:
>
>(1) the court finds that:
>   (A) the evidence
>       (I) still exists and is in a condition making DNA testing possible; and
>       (ii) has been subjected to a chain of custody sufficient to

        establish that it has not been substituted, tampered with,
        replaced or altered in any material respect; and
   (B) identity was or is an issue in the case; and

  (2) the convicted person establishes by a preponderance of the evidence that:
    (A) the person would not have been convicted if exculpatory
    results had been obtained through DNA testing; and
    (B) the request for the proposed DNA testing is not made to
    unreasonably delay the execution of sentence or administration of
    justice.

Tex. Code Crim. Proc. Ann. art. 64.03(a).  The statute mandates, "[a]fter examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." *Id.* art. 64.04.  The statute further establishes the right to appeal the state district court's and the intermediate appellate court's determination on the motion.  *Id.* art. 64.05.

  Plaintiff has not pointed to any constitutional infirmity in the Texas statutory scheme and there is nothing constitutionally inadequate about the procedures themselves or about how they apply to those who seek access to DNA evidence. *See Osborne*, 557 U.S. at 70, 129 S.Ct. at 2320.  In its review of the statutory provisions, this Court has not discovered any failure of the state's procedures that "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" or that "transgress[es] any recognized principle of fundamental fairness in operation." *See Osborne*, 129 S.Ct. at 2316.

  More importantly, plaintiff has not identified any specific provision of the Texas statute which he contends is inadequate to protect his state-created right to seek post-conviction DNA testing. *See Thompson*, 490 U.S. at 460, 109 S.Ct. at 1908.

Plaintiff has presented nothing which would permit this Court to conclude plaintiff's procedural due process rights have been violated by the process available under article 64.

The relief plaintiff requests, a Court order that the convicting court to deliver the specified evidence to an organization plaintiff feels will subject it to DNA testing is in the nature of a mandamus. As plaintiff was informed by way of the March 25, 2014 Briefing Order, Federal Courts do not supervise the State Courts, *see Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)(federal courts have no power to direct state judicial officials in the performance of their functions). The federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275 (5th Cir.1973).

The federal Court does not have jurisdiction to issue the relief plaintiff has requested. Instead, if relief is available to plaintiff, he must obtain it through a mandamus action or other appropriate action in the state courts. This Court does not offer an opinion or advise plaintiff as to any state court remedies he may or may not have.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JOSEPH HERCULES NORTON be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of July, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).